UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER,<br>Plaintiff,<br>v.<br>GARCIA, et al,<br>Defendants. | 1:25-cv-00842-EPG (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO PRODUCING DOCUMENTS<br><br>(ECF No. 37) |

Plaintiff Jonathan Christopher Coffer is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C § 1983 (ECF Nos. 1 and 13).

On September 8, 2026, Plaintiff filed an Objection to Give [sic] Documents to Defendants' Counsel. (ECF No. 37). In his objection, Plaintiff seeks an order allowing him to delay the production of relevant documents until after trial. (*Id.*). Specifically, Plaintiff argues[1]:

> I would like to question defendant on the basis of certain things that are in my grievances. I do not want them to have that evidence before trial because I would like to question them on topics in my 602 [grievance]. If they get this document before trial, it would be like tampering with my defense. I also have medical notes of TTA hospital [presumably Triage and Treatment Area, a specialized unit within California Department of Corrections and Rehabilitation] that I do not want them to have this early in my trial.

---

[1] For readability, minor alterations, like changing capitalization, have been made throughout to some of Plaintiff's quotations without indicating each change.

(*Id.*).

On September 15, 2026, Defendants filed their brief in opposition to Plaintiff's objections to producing documents. (ECF No. 39). Defendants argue that Plaintiff's objections and supporting reasoning are contrary to the purpose of civil discovery and this Court's order to produce discovery, and they ask the Court to overrule the objections. (*Id.*).

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible," *United States v. Proctor & Gamble,* 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor,* 329 U.S. 495, 501 (1947). *See also Jadwin v. Cnty. of Kern*, No. 107CV-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008).

Rule 26(b) of the Federal Rules of Civil Procedure establishes the scope of discovery and states in pertinent part:

> …Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid.401.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D.Cal.1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.,* 135 F.R.D. 101, 104 (D.N.J.1990).

"Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Rule 37 provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). The exclusionary sanction is "self-executing" and "automatic." *Goodman*, 644 F.3d at 827. It is "designed to provide a strong inducement for disclosure," and does not require a finding of willfulness or bad faith. *Yeti*, 259 F.3d at 1106.

Moreover, on August 17, 2026, in order to "secure the just, speedy and inexpensive disposition of this action," the Court issued its Discovery Order requiring the parties to "promptly" produce "certain documents that are central to the dispute" such as "documents regarding exhaustion of Plaintiff's claims, including 602s" and "Plaintiff's medical records related to the incident(s)." (*Id.* at 1-2).

Here, Plaintiff identifies uncertain "evidence" he does not want Defendants to have before trial and "medical notes" that he objects to producing. (ECF No. 37). However, he fails to meet his burden of supporting his objections and showing that the documents should not be produced. Plaintiff labels the documents he wants to withhold as "evidence" at "trial" and therefore, the documents are relevant evidence under Fed. R. Evid. 401 that must be produced under Fed. R. Civ. P. 26 and this Court's Discovery Order. In fact, 602 documents and medical records were specifically described and ordered produced in the Court's Discovery Order (ECF No. 35 at 2). Plaintiff has presented no basis for withholding the documents, other than to gain the advantage of surprise at trial, which is not permitted under Rule 37. Fed. R. Civ. P. 37(c)(1).

Accordingly, the Court overrules Plaintiff's Objection to Give [sic] Documents to Defendants' Counsel (ECF No. 37). Plaintiff must produce all documents responsive to the Court's August 17, 2026 order and file a notice of compliance with the Court **no later than November 16, 2026**.

IT IS SO ORDERED.

Dated: **October 28, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE